[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2007
THOMAS K. KAHN
CLERK

No. 07-12053
Non-Argument Calendar

_____

D. C. Docket No. 06-00067-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX ALBERTO MEJIA-PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 5, 2007)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Alex Alberto Mejia-Pineda appeals his 60-month sentence for illegally re-

entering the United States after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Mejia-Pineda argues that his sentence was unreasonable because the district court strictly adhered to the Sentencing Guidelines without considering the factors in 18 U.S.C. § 3553(a) and therefore failed to consider the mitigating circumstances that forced him to leave his native country of Honduras. For the reasons discussed below, we affirm.

## I. BACKGROUND

Mejia-Pineda pled guilty to an indictment charging him with illegally re-entering the United States after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The probation officer assigned Mejia-Pineda a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). Because Mejia-Pineda previously had been removed following a conviction for a crime of violence, the base level was increased by 16, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Mejia-Pineda then received a 2-level reduction for acceptance of responsibility and a 1-level reduction for timely notifying the government of his intention to plead guilty, pursuant to U.S.S.G. § 3E1.1(a) and (b). The probation officer assigned Mejia-Pineda a category IV criminal history. The applicable Guidelines range for an adjusted base level of 21 and a category IV criminal history is 57-71 months' imprisonment. The district court imposed a sentence of 60 months.

2

## II. DISCUSSION

We review a defendant's sentence for reasonableness. *United States v.*

*Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765, 160 L. Ed. 2d 621 (2005); *United*

*States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). After *Booker*,

sentencing requires two steps: first, the district court must correctly calculate the

Guidelines range; second, the district court must consider the following factors to

determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). The district court is to

impose a sentence that is sufficient, but not greater than necessary, to comply with

the purposes set forth in the statute. 18 U.S.C. § 3553(a). However, the court is

not required to "state on the record that it has explicitly considered each of the §

3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*,

426 F.3d 1324, 1329 (11th Cir. 2005).

3

Our reasonableness review is deferential and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* A sentence within the Guidelines range ordinarily may be expected to be reasonable, but it is not reasonable *per se*. *Id.* at 786-88.

Mejia-Pineda does not challenge the calculation of the Guidelines range here. Rather, he contends that the district court ignored the § 3553(a) factors and imposed an unreasonable sentence. We disagree. Mejia-Pineda's 60-month sentence is near the low end of the Guidelines range, and ordinarily we expect such a sentence to be reasonable. *Id.* at 788. In addition, the record establishes that the district court did consider the § 3553(a) factors. At the sentencing hearing, the court permitted Mejia-Pineda to offer expert testimony in mitigation regarding the conditions in Honduras that prompted him to re-enter the United States, including statements regarding Honduras's stringent anti-gang legislation, the high rate of extrajudicial killings by the police and security forces, and the existence of similar circumstances in other Central American countries. The court disagreed with Mejia-Pineda's contention that these conditions justified a sentence below the

4

Guidelines range, explaining that, despite Mejia-Pineda's possible "dilemma or precarious situation," granting leniency in this case "would essentially eviscerate the statute" in light of Mejia-Pineda's criminal history and history of illegal re-entry. The court made clear that this determination was based on its consideration of the § 3553(a) factors:

> So I do think that in the circumstances of this case a sentence within the guidelines is a reasonable sentence taking into account not only the guidelines, of course, but the factors of the statute: the seriousness of the offense, the history and prior record of the defendant, which does not speak in his favor; promotion of respect for the law, which in the circumstances of this case I think calls for a significant term of commitment; deterrence, both general and specific; incapacitation, and perhaps some measure of rehabilitation for the defendant.

Moreover, Mejia-Pineda has failed to show that the sentence is greater than necessary to comply with the statutory purposes. First, as noted, the sentence is near the low end of the Guidelines range. Additionally, the district court determined Mejia-Pineda's sentence after carefully considering the § 3553(a) factors, including the seriousness of the offense, Mejia-Pineda's history and prior record, the promotion of respect for the law, deterrence, incapacitation, and rehabilitation. Nothing in the record convinces us that the sentence imposed is unreasonable in light of these factors.

### III. CONCLUSION

The district court sentenced Mejia-Pineda near the low end of the Guidelines

range and properly considered the § 3553(a) factors. Accordingly, Mejia-Pineda cannot satisfy his burden of establishing that his sentence was unreasonable, and we therefore affirm his sentence.

**AFFIRMED.**